UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE OLIVER,<br><br>    Plaintiff,<br><br>    v.<br><br>R. GORE, et al.,<br><br>    Defendants. | No. 2:15-cv-0345 GEB AC P<br><br>FINDINGS AND RECOMMENDATIONS |

I.     <u>Background</u>

Plaintiff is a state prisoner at California State Prison Solano who proceeds pro se in this civil rights action. On December 24, 2014, plaintiff filed the operative complaint in the Lassen County Superior Court, alleging violations of his constitutional rights under 42 U.S.C. §1983, and a state law negligence claim, against thirty-one named defendants. <u>See</u> ECF No. 1-1. At least twenty-four of the defendants have been served process and are represented by the Office of the California Attorney General. On February 9, 2015, these defendants paid the filing fee in this court and filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a), removing the action to this federal district court. <u>See</u> ECF No. 1; <u>see</u> also ECF Nos. 5, 8.

On March 12, 2015, plaintiff filed a motion to remand this case back to the Lassen County Superior Court. <u>See</u> ECF No. 6. Defendants filed an opposition on April 1, 2015. <u>See</u> ECF No. 7. For the reasons that follow, this court recommends that plaintiff's motion be denied.

## II. Legal Standards

A defendant sued in state court may remove to the appropriate federal district court any civil action over which the district courts have original jurisdiction. See 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction, in pertinent part, over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The general rule governing removal of actions from the state court to federal court is that for a district court to have federal question removal jurisdiction, a federal cause of action must appear on the face of the complaint." Felton v. Unisource Corp., 940 F.2d 503, 506 (9th Cir. 1991) (citing, inter alia, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

It is defendant's burden, as the removing party, to establish that the federal court has jurisdiction over the removed case. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393-94 (9th Cir. 1988) (when removing on the basis of federal question jurisdiction, "[t]he party invoking the removal statute bears the burden of establishing federal jurisdiction"). However, "[u]nder § 1447(c), the district court must remand '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]'" Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014).

## III. Analysis

In the instant complaint, plaintiff asserts three federal claims premised on 42 U.S.C. § 1983 and the First, Eighth, and Fourteenth Amendments to the United States Constitution. Therefore, it is clear on the face of plaintiff's complaint that this court has original subject matter jurisdiction over this action, see 28 U.S.C. § 1331, and therefore that defendants' removal of this case to this court was proper, see 28 U.S.C. § 1441(b).

Nevertheless, plaintiff seeks remand of this action back to the Lassen County Superior Court on the grounds that state courts have authority to address federal claims; this case includes

a state law claim; and the conduct challenged in this action occurred in Lassen County. See ECF No. 6.

The fact that plaintiff's claims arose in Lassen County does not deprive defendants of their statutory right to remove plaintiff's action to this federal district court whose jurisdiction encompasses Lassen County. Moreover, although state and federal courts may have concurrent jurisdiction to initially consider a case, the state court loses jurisdiction upon proper removal to federal court. See Lou v. Belzberg, 834 F.2d 730, 740 (9th Cir. 1987). Removal divests the state court of jurisdiction and "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Where the action was properly removed and the federal court has original jurisdiction over the claims, the federal court has no authority to remand the case. See Destfino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011).

Further, "[w]here removal is properly effected under section 1441(a), the district court may also elect to exercise pendent jurisdiction over state law claims." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1196 (9th Cir. 1988). "Under section 1441(a), cases joining federal and state claims can be removed so long as the joined claims would be within the district court's original jurisdiction. [] The basis for the district court's jurisdiction over nonfederal claims stems from the doctrine of pendent jurisdiction. The doctrine of pendent jurisdiction, in turn, permits the district court to adjudicate factually related state claims in cases raising federal questions, whenever the federal law claims and state law claims 'derive from a common nucleus of operative fact.'" Id. at 1195. Once the district court has resolved all federal claims, it may then address any state law claims pursuant to the court's supplemental jurisdiction, see 28 U.S.C. § 1367, or remand the state law claims to the state court for resolution. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 937-38 (9th Cir. 2003). Therefore, this court will retain jurisdiction of plaintiff's state law claim until final resolution of plaintiff's federal claims, and then determine whether to address the state claim under the court's pendant jurisdiction or remand the claim to the state court.

////

////

IV. <u>Conclusion</u>

For these reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion to remand this action back to the Lassen County Superior Court, ECF No. 6, be denied.[1]

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 10, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Should the district judge adopt these findings and recommendations, this court will then screen plaintiff's complaint pursuant under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.